IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02407-BNB

RANDALL ZANDSTRA,

    Applicant,

v.

SHERIFF JOHN COOKE,
WELD COUNTY SHERIFF'S OFFICE,
HEAD "JOHN DOE" OF THE COLORADO DEPARTMENT OF CORRECTIONS,
STATE OF COLORADO DISTRICT COURT, and
ALL PERSON KNOWN OR UNKNOWN WHO ARE RESPONSIBLE FOR THE
    ISSUANCE OF THE ATTACHED DETAINER FROM WELD COUNTY
    SHERIFF'S OFFICE,

    Respondents.

---

ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES

---

Applicant, Randall Zanstra, is in the custody of the New Jersey Department of Corrections and currently is incarcerated at the Southern State Correctional Facility in Delmont, New Jersey.  Mr. Zandstra, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging a detainer placed against him by the Sheriff of Weld County, Colorado.

The Court has reviewed the Application and finds that it is deficient.  First, the claims Mr. Zandstra raises more properly are asserted pursuant to 28 U.S.C. § 2241, because he is challenging the execution of his sentence and not the validity of his

conviction and sentence.  Therefore, Mr. Zandstra will be directed to file his claims on a Court-approved form used in filing § 2241 actions.

Mr. Zandstra also has failed either to pay the $5.00 filing fee or in the alternative submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Action.

Finally, the Court also notes that Mr. Zandstra names Sheriff John Cooke, the Weld County Sheriff's Office, the Head of the Colorado Department of Corrections, and the State of Colorado District Court as respondents.  The law is well-established that the only proper respondent to a habeas corpus action is the habeas applicant's custodian, *see* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; and *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995).  Mr. Zandstra must name his custodian in the caption of the application.  In this case, however, the Court notes that along with the custodian Mr. Zandstra should also name the Sheriff John Cooke and the Attorney General of the State of Colorado as Respondents, given that Mr. Zandstra is challenging a detainer entered by a Colorado jurisdiction.  Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Mr. Zandstra cure the noted deficiencies.  It is

FURTHER ORDERED that Mr. Zandstra shall obtain the Court-approved forms used in filing a 28 U.S.C. § 2241 action and a request to proceed pursuant to 28 U.S.C. § 1915 in a habeas action, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Zandstra fails to cure the designated deficiencies **within thirty days from the date of this Order**, the action will be dismissed without further notice.

DATED September 11, 2012, at Denver, Colorado.

BY THE COURT:

s/Boyd N. Boland
United States Magistrate Judge